IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Glenda Michelle Meeks, | ) | Case No. 1:25-cv-03701-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Heritage Housing of Augusta, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action is before the Court on Defendant's motion to dismiss with prejudice and to stay deadlines.  [Doc. 23.]

Plaintiff brought this action on December 20, 2024, in the Aiken County Court of Common Pleas alleging state law claims arising out of the purchase of a mobile home. [Doc. 1-1.]  Defendant removed the action to this Court on May 1, 2025.  [Doc. 1.]

Because Plaintiff's counsel at the time was not admitted to practice in this Court, on May 2, 2025, this Court issued an Order staying the action until May 27, 2025, to allow Plaintiff time to obtain counsel admitted to the bar of this Court or to inform the Court she would be proceeding pro se (the "Counsel Order").  [Doc. 6.]  On May 2, 2025, Defendant also served the Counsel Order on Plaintiff's counsel by mail and email at the address set forth on the state-court pleadings and on the website for the Supreme Court of South Carolina.  [*See* Doc. 7.]  According to Defendant, "Plaintiff and her counsel failed to comply with [the] Order," however, and "failed to communicate with the Court or [Defendant's counsel] in any fashion."  [Doc. 23 at 2.]

On June 9, 2025, this Court issued an Order extending the stay of this action until June 27, 2025, and directing Plaintiff to obtain proper counsel or inform the Court that she

would be proceeding pro se.  [Doc. 8.]  This Order warned that "[t]he Court [would] construe Plaintiff's failure to write the Court with all of the requested information as her intention to abandon this action, and the action [would] be subject to dismissal."  [*Id.*] Ultimately, counsel who is admitted to practice in this Court filed a notice of appearance on Plaintiff's behalf on July 17, 2025.  [Doc. 14.]  After responding on July 21 to a pending motion to dismiss [Doc. 17; *see* Doc. 12], Plaintiff has not proceeded further with prosecuting this matter.

Accordingly, on May 13, 2026, Defendant filed a motion to dismiss with prejudice for lack of prosecution and to stay deadlines.  [Doc. 23.]  Plaintiff filed no response to the motion.  Therefore, on June 11, 2026, the Court issued a Text Order directing that Plaintiff respond to Defendant's motion to dismiss by June 22, 2026, and warning that if Plaintiff failed to do so, her action would be subject to dismissal with prejudice.  [Doc. 25.]  Plaintiff failed to file a response by that date.

Based on the foregoing, it appears Plaintiff no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders."  *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)).  "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*."  *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (internal quotation marks omitted). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-prong test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

The Court concludes that application of these factors supports dismissal of this action. As for the first factor, regarding the degree of personal responsibility on Plaintiff's part, there is not much in the record to indicate what degree of personal responsibility Plaintiff holds. Still, it is appropriate "to hold clients to some measure of responsibility both for selecting competent attorneys and, more important, for supervising their conduct in representing them under ordinary principles of agency." *Doyle v. Murray*, 938 F.2d 33, 35 (4th Cir. 1991). In this case, Plaintiff has failed to respond to a motion to dismiss for failure to prosecute, even after the Court has ordered Plaintiff to do so and warned that the case would be subject to dismissal for failure to respond. Accordingly, the first factor weighs in favor of dismissal.

3

The second factor, addressing the prejudice to Defendant resulting from the failure to prosecute, also weighs in favor of dismissal. Plaintiff's failure to significantly participate in this case since responding to the pending motion to dismiss nearly a year ago "has left Defendant[] in limbo as to the status of the case against [it] and caused [it] to incur additional expenses." *J.M. v. Logan Cnty. Bd. of Educ.*, No. 2:15-cv-04822, 2016 WL 164323, at *2 (S.D. W. Va. Jan. 13, 2016).

The third factor concerns the presence of a drawn out history of deliberately proceeding in a dilatory fashion. The record does not demonstrate that any delay by Plaintiff has been deliberate, but it does show that Plaintiff has nearly completely failed to participate in this suit in the more than one year since it was removed to this Court. Thus, this factor also weighs in favor of dismissal. *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-cv-00331, 2014 WL 4063828, at *4 (S.D. W. Va. Aug. 14, 2014) (concluding that the third factor weighed in favor of dismissal when the plaintiffs' total failure to participate in the case after the court lifted a stay showed that "there [wa]s *only* a history of dilatory action by [the plaintiffs]").

Finally, given Plaintiff's lack of participation in this action, including failing to respond to Defendant's motion seeking to dismiss the case for a lack of prosecution, even when ordered to do so by this Court and specifically warned about dismissal, the Court concludes that no sanctions less drastic than dismissal would be effective here. The Court has already warned Plaintiff that her case could be subject to dismissal for failure to prosecute if she continued to fail to respond to Defendant's motion to dismiss, and yet Plaintiff has failed again to file a response. The Court concludes that the fourth factor weighs in favor of dismissal as well. *See Ballard*, 882 F.2d at 95–96 (concluding that the

4

plaintiff's noncompliance with a court order left the district court with "little alternative to dismissal" because "[a]ny other course would have placed the credibility of the court in doubt and invited abuse").

The last question to be decided concerns prejudice.  In its motion to dismiss, Defendant requests dismissal with prejudice.  [Doc. 23.]  However, given the Fourth Circuit's direction that "dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits," *Davis*, 588 F.2d at 70 (internal quotation marks omitted), the Court concludes that dismissal without prejudice is a more appropriate sanction on these facts, *cf. J.M.*, 2016 WL 164323, at *1, *3 n.2 (dismissing without prejudice when the docket did "not reflect any significant activity by [the plaintiffs] in the nearly nine-month interval since the lawsuit was filed," the plaintiffs failed to respond to several of the defendants' motions, including a motion to dismiss for failure to prosecute, even when ordered to do so by the court (footnote omitted)), although the issue is certainly a close one.  Indeed, had the record demonstrated more clearly Plaintiff's personal responsibility for the failure to prosecute, the result may well have been different.

Wherefore, based upon the foregoing, Defendant's motion to dismiss for failure to prosecute [Doc. 23] is GRANTED IN PART.  Accordingly, the case is DISMISSED without prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

June 24, 2026
Columbia, South Carolina

5